In the Matter of " DAVID ROE " and Another.*

Domestic Relations Court of the City of New York, Children's Court, Bronx County, November 10, 1949.

*Aaron Samuelson* for respondent.

PANKEN, J. The testimony in this case, ably presented by counsel for the respondent on behalf of the respondent, does not disprove the fact that the children are neglected. The fact that the mother of these children had been an inmate of Pilgrim State Hospital some years ago does not *ipso facto* prove that the condition that sent her to Pilgrim State Hospital has continued to this day. Indeed, people who suffer from mental illnesses are curable, and a great many such who have suffered and are suffering from mental illnesses are cured and will be cured. Mental institutions are not instituted for the purpose of confining only those who are mentally ill, but also for the purpose of effecting a cure where a cure is possible.

* Names used herein are fictitious for the purposes of publication.

It is evident that the respondent is not suffering from any psychosis now. That has been indicated in the report submitted to the court by Dr. Nathan Savitsky, who is regarded as a qualified psychiatrist. He is the director of the Neuro Psychiatric Service at Lebanon and Morrisania City Hospitals. That fact is also certified to by Dr. Helen Montague, the director of the bureau of clinical service of the Domestic Relations Court of the City of New York.

Whether or not Dr. Savitsky and Dr. Montague regard this respondent as at present not psychotic is only incidental to the testimony which has been submitted to me in the course of these hearings. The lady is frightfully disturbed and emotionally unstable. The testimony is that she has not given her children the care which they are entitled to as a matter of right and as a matter of necessity to make it possible for them to develop normally, not only morally and mentally, but even to develop normally physically.

It is often asserted that neglect of children is had and found from a failure to provide for children their material things, such as shelter, clothing and food. That is neglect if parents are in a position to supply their material needs and fail to do so, because of the effect it may have upon the children. But, in my judgment, and I find it to be the law, the neglect of children is not exhausted by failure to provide, nor is it disproved by providing the material needs of children. That which goes to the spiritual and moral life of children is equally important, and the children are entitled to it.

It is my opinion, and I find it to be the law, that to subject a child to a sense of insecurity, either by way of rejection or ill-treatment or by precept, which will result in the development in children of aggressive tendencies and delinquent conduct, is neglect of a child and neglect of a very serious nature. Children are entitled to not only food, clothing and shelter, but are entitled to guidance, advice, counsel and affection, understanding and sympathy, and when these are not accorded them, either because of inability to love or understand and sympathize, or by reason of whipping them, that would constitute serious and severe neglect of the children.

The testimony in this case shows an abominable situation. This lady has neglected her children and I find them neglected.

Parole is continued as heretofore until December 1, 1949, and the matter is referred to the Jewish Child Care Association for their co-operation in planning for the children.